UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIMAVEN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS TR, LLC and SCHMAYA MARINOVSKY,<br><br>    Defendants. | Civil Action No.<br><br>17-12008 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

## **LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court on defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to dismiss Count III pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). ECF No. 3. Plaintiff opposes the motion. ECF No. 6. The Honorable Susan Davis Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions and for good cause shown, the Court recommends that defendants' motion to dismiss for lack of personal jurisdiction be **DENIED** and that defendants' motion to dismiss Count III be **GRANTED**.

### I.   BACKGROUND

This is a breach of contract dispute concerning defendants' alleged failure to satisfy an outstanding balance of $159,309.17 for plaintiff's fulfillment of purchase orders and shipment of electronic goods pursuant to an agreement between the parties. Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Bergen County in October 2017. Defendants

timely removed the action to this Court on the grounds of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff, a wholesale electronics distributor, is a New Jersey corporation with its principal place of business in New Jersey. Complaint ¶ 1, ECF No. 1-1. Defendant Texas TR, LLC ("TTR"), a wholesale distributor of electronic photograph and video supplies, is a Texas corporation with its principal place of business in Texas. *Id.* ¶ 2. Defendant Schmaya Marinovsky is the owner of TTR, and is a resident of Texas. ECF No. 1 ¶ 5. The amount in controversy exceeds the $75,000 jurisdictional threshold. *Id.* ¶ 4.

Plaintiff alleges that in July 2016, defendants solicited one of its representatives to work with TTR to sell electronic products through Amazon. *Id.* ¶¶ 8-9. The Complaint alleges that defendants would receive orders through Amazon, send a purchase order for the products to plaintiff in New Jersey, and plaintiff would ship the items directly to Amazon. *Id.* ¶¶ 10-12. Pursuant to the contract, defendants were to pay plaintiff for the items. *Id.* ¶ 12. The Complaint alleges that the parties entered into an agreement and followed this process several times. *Id.* ¶ 14. Eventually, defendants allegedly failed to make timely payments, and ultimately ceased making payments entirely in March 2017. *Id.* ¶¶ 14-15. Defendants allegedly have an outstanding balance due to plaintiff of $159,309.17. *Id.* ¶ 17.[1]

The Complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, unjust enrichment, and piercing the corporate veil. *See* ECF No. 1. Defendants filed the instant motion to dismiss on December 13, 2017. ECF No. 3.

---

[1] Defendants assert Amazon shut down TTR's account because "a major computer company had alleged that counterfeit goods were being sold through it," some of which included the type of items plaintiff provided to Amazon. ECF No. 3-8 ¶¶ 19-20.

2

## II. DISCUSSION

Defendants move to dismiss on the grounds that this Court lacks personal jurisdiction over them, or in the alternative to dismiss Count III of the Complaint for failure to state a claim. For the reasons set forth below, the undersigned recommends that the District Court find plaintiff has met its burden to show personal jurisdiction exists over defendants and that Count III should be dismissed.

### A. Personal Jurisdiction

#### 1. Legal Standard

When a defendant challenges a Court's exercise of personal jurisdiction, the plaintiff bears the burden to prove that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–31 (3d Cir. 2009). Where the district court does not hold an evidentiary hearing, a plaintiff must establish only a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a *prima facie* standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 476 (3d Cir. 2011). A plaintiff meets its burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Once the motion is made, however, and plaintiff's allegations are challenged by affidavits or other evidence, "plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citation omitted); *see also Metcalfe*, 566 F.3d at 330 ("'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'") (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302

3

(3d Cir. 1996)). Plaintiff ultimately must prove the existence of jurisdiction by a preponderance of the evidence, although such a showing is unnecessary at the preliminary stages of litigation. *LaSala,* 410 F. App'x at 476; *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992); *Display Works, LLC v. Bartley,* 182 F. Supp. 3d 166, 172 (D.N.J. 2016).

This Court exercises jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales,* 384 F.3d at 96 (citing Fed. R. Civ. P. 4(e)). New Jersey's long-arm statute permits the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equity Corp.,* 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure,* 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be based on either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.,* 137 S. Ct. 1773, 1780 (2017). "A court with general jurisdiction may hear *any* claim against that defendant," *id*, and the defendant's "contacts need not relate to the subject matter of the litigation." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415, n.9 (1984). General jurisdiction over a defendant exists in the forum of an individual's domicile and the forum "in which [a] corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011).

Specific personal jurisdiction, on the other hand, exists where the claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014) (quoting *Helicopteros,* 466 U.S. at 414, n.8). The Third Circuit has laid out a three-part

4

test to determine whether specific jurisdiction exists: (1) the defendant must have "purposefully directed [its] activities at the forum"; (2) the litigation must "arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

### 2. General Jurisdiction

The Court first determines whether plaintiff has demonstrated the existence of general personal jurisdiction over defendant. This turns on whether defendants' "'affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear Dunlop*, 564 U.S. at 919). For an individual, the "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop*, 564 U.S. 924. In all but "exceptional case[s]," a corporation is subject to general jurisdiction only in its place of incorporation and its principal place of business. *Id.* at 760, 761 n.19

Plaintiff does not contend that the Court has general jurisdiction over defendants, and the Court finds no such jurisdiction exists. Defendant Shmaya Marinovksy is a resident of Texas. ECF No. 1 ¶ 5. Defendant TTR is incorporated in and has its principal place of business in Texas. The Court does not find any proofs on which to deem this to be the "exceptional case" in which the defendant's contacts with New Jersey are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19.

### 3. Specific Jurisdiction

The Court next considers whether specific jurisdiction exists in that defendants have "purposefully directed [their] activities at the forum," the litigation "arise[s] out of or relate to at least one of those activities," and the exercise of jurisdiction "otherwise comport[s] with fair play

and substantial justice." *O'Connor*, 496 F.3d at 317. Defendants assert that specific jurisdiction does not exist because they have not purposefully availed themselves of doing business in New Jersey. Defendants argue that they merely acted as a "digital intermediary" between Amazon.com and that plaintiff's base in New Jersey was incidental, fortuitous, and random. *See* ECF No. 7 at 4-5.

While defendants correctly argue that entering a contract with a resident of the forum is insufficient in itself to confer jurisdiction on this Court, the facts presented by plaintiff suggest that defendants' contacts with this State were more substantial than defendants contend. *See Burger King Corp.*, 471 U.S. at 479 (explaining that it is "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing [] that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum"). The Complaint alleges that in July 2016, defendants contacted plaintiff to enter into a contract to provide goods to defendants' customers through Amazon.com and that defendants sent purchase orders worth hundreds of thousands of dollars to UniMaven in New Jersey. ECF No. 1 ¶¶ 8-9, 15-16. Defendants submitted a declaration from Shmaya Marinovksy, the owner of TTR, which states that plaintiff reached out to defendants, and not vice versa, and that defendants did not purposefully solicit business with UniMaven in New Jersey. ECF No. 8 ¶ 10.

As explained above, the case law provides that plaintiff must establish only a *prima facie* case of personal jurisdiction. *Miller Yacht Sales*, 384 F.3d at 97. A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Display Works*, 182 F. Supp. 3d at 172. Once the motion is made, and plaintiff's allegations

are challenged by affidavits or other evidence, "plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson*, 893 F.2d at 604.

As required to meet its burden, plaintiff has responded to defendants' assertions with actual proofs in the form of a certification from Alex Blaker (the "Blaker Certification"), the president of UniMaven. ECF No. 6-1. Blaker in his certification states that defendant Marinovksy's brother approached UniMaven in July 2016,[2] and "pitched Plaintiff as a 'strategic partner' where Plaintiff would provide electronics to sell on Defendants' Amazon account in exchange for a commission." *Id.* ¶ 2. Plaintiff also submitted a copy of that email, in which it does appear that TTR was soliciting UniMaven to do business with it through Amazon. *Id.* As the *prima facie* standard requires that all factual disputes be resolved in plaintiff's favor, the Court assumes for purposes of the instant motion that defendants did reach out to plaintiff to solicit business. *See LaSala*, 410 F. App'x at 476.

Regardless of which party contacted the other, however, defendants' subsequent communications and actual course of dealing with plaintiff in New Jersey is sufficient to confer jurisdiction. The Complaint alleges and the Blaker Certification states that defendants engaged in numerous communications with plaintiff in New Jersey, sent purchase orders pursuant to an agreement between the parties which they knew plaintiff would complete in New Jersey, and did hundreds of thousands of dollars of business with plaintiff in New Jersey in a matter of months. *See* ECF No. 1-1 ¶¶ 13-17; ECF No. 6-1 ¶ 7-9. *See also Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1222 (3d Cir. 1992) ("[P]arties who 'reach out beyond one state and create

---

[2] While defendants are correct that plaintiff's papers appear to contradict one another as to the alleged date defendants contacted plaintiff – with the Complaint asserting defendants contacted plaintiff on July 13, 2016 and the Blaker Certification asserting the date was July 1, 2016 – the exact date is not relevant to the Court's jurisdictional analysis.

7

continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities") (quoting *Burger King*, 471 U.S. 473-74)); *Remick v. Manfredy*, 238 F.3d 248, 256, (3d Cir. 2001) (finding personal jurisdiction where defendant sought plaintiff out, that solicitation resulted in an agreement between the parties, and the services performed by plaintiff on behalf of defendant were conducted in plaintiff's forum state).

Therefore, plaintiff has met its burden to show sufficient facts with reasonable particularity that defendants purposefully reached out to plaintiff to do business in New Jersey and did in fact do business in New Jersey. Accordingly, the Court finds defendants have purposefully availed themselves of doing business in New Jersey and they have sufficient contacts with the forum to confer jurisdiction.

Next, the Court considers whether the litigation arises out of or relates to defendants' contacts with the forum state. The Complaint alleges that defendants have failed to pay a balance of $159,309.17 pursuant to the agreement that the parties entered into as a result of defendants' soliciting plaintiff in New Jersey. Accordingly, the Court finds the litigation arises out of defendants' contacts with the State.

Finally, the Court must consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice. As plaintiff has made out a *prima facie* case in favor of personal jurisdiction, to defeat jurisdiction, defendants "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1986); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992). In addressing this question, the Court may consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining

the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Miller Yacht Sales*, 384 F.3d at 97 (citing *Burger King*, 471 U.S. at 477).

Defendants here do not argue that the exercise of jurisdiction would not otherwise comport with fair play and substantial justice for reasons other than those the Court has addressed above. The Court finds the defendants will not be burdened by defending an action in New Jersey, as they have already reached out to plaintiffs to do business and have done significant business with UniMaven in New Jersey. The defendants, therefore, "should [have] reasonably anticipate[d] being haled into court" here, having invoked the benefits and protections of the forum's laws. *Burger King*, 471 U.S. at 474. Further, the State of New Jersey has an interest in protecting its residents from allegedly tortious activity and actions potentially damaging to New Jersey businesses. Accordingly, the Court recommends that the District Court find the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice, and defendants are subject to personal jurisdiction in New Jersey.

### B. Fraud

Defendants move to dismiss Count III of the complaint asserting a claim for fraud for failure to state a claim pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The purpose of the heightened pleading requirement is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir. 1984). In other words, the "who, what, when and where details of the alleged fraud" are required to be pleaded. *Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*, 87 F. App'x 227, 231 (3d Cir. 2003).

The Complaint alleges that defendants made false statements prior to the parties' agreement regarding the legitimacy of their business practices – that defendants did not sell counterfeit items and that payments to plaintiff would be made in a timely manner – with the intention that plaintiff rely upon these representations to enter into the agreement. ECF No. 1-1 ¶¶ 33-35. Defendants argue these allegations do not meet the heightened pleading standard of Rule 9. The Court agrees. Here, it is unclear what statements plaintiff alleges defendants made to fraudulently induce them into entering the contract, and the context in which they were made. The defendants, therefore, were not put "on notice of the precise misconduct with which they are charged." *Seville Indus. Mach.*, 742 F.2d at 791. Accordingly, the Court recommends that defendants' motion to dismiss Count III of the Complaint be granted, but that plaintiff be given an opportunity to amend the complaint in order to attempt to satisfy Rule 9(b)'s pleading standard as to this claim.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that defendants' motion to dismiss (ECF No. 3) for lack of personal jurisdiction be **DENIED**. The Court further recommends that defendants' motion to dismiss Count III of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be **GRANTED**, but that plaintiff be given an opportunity to amend this claim. The parties are hereby advised that, pursuant to Fed. R. Civ. P. 72(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: April 25, 2018

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:   Clerk of the Court
cc:   Hon. Susan D. Wigenton, U.S.D.J.
   All Parties