# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

**March 9, 2020**

To:   All counsel and parties of record

### LETTER OPINION AND ORDER

RE:   ***Unimaven, Inc. v. Texas TR, LLC and Sam Marino***
      <u>Civil Action No. 17-12008 (SDW) (LDW)</u>

Dear Counsel and Parties:

Before the Court is plaintiff Unimaven, Inc.'s motion for leave to file a Second Amended Complaint and for sanctions against defendants.   (ECF No. 70).   No opposition has been filed.

Plaintiff's Amended Complaint, filed May 24, 2018, essentially alleges that defendants Texas TR, LLC ("Texas TR") and its principal Sam Marino (also known as Schmaya Marinovsky) failed to pay plaintiff for electronic products that plaintiff provided to Texas TR for sale through the latter's Amazon account.   (ECF No. 10).   Plaintiff asserts claims against defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unjust enrichment.   Plaintiff also asserts a claim for piercing Texas TR's corporate veil based on its allegation that Marino so dominated Texas TR that the LLC's form as an entity distinct from Marino should be disregarded.   (*See id.*)

Defendants filed an Answer and Counterclaims in June 2018.   (ECF No. 12).   The Counterclaims, asserted solely by defendant Texas TR, contend that plaintiff breached a contract and the implied covenant of good faith and fair dealing by providing Texas TR with counterfeit goods that caused Amazon to suspend Texas TR's account.   (*See id.*).

The Court's Pretrial Scheduling Order had set December 31, 2018 as the deadline to seek amendment of pleadings.   (ECF No. 27).   The instant motion was initially filed on October 21, 2019, terminated for failure to comply with Local Civil Rule 7.1 on October 23, 2019, and refiled with leave of Court on October 25, 2019.   (ECF Nos. 66, 69, 70).[1]

---

[1] The Court awaited the outcome of motions for withdrawal of counsel made by the former counsel for Marino and Texas TR before adjudicating this motion.   Now that Marino has opted to proceed *pro se* and Texas TR has failed to appear by new counsel after ample time to do so, the Court is satisfied that plaintiff's motion is ripe for resolution.

Plaintiff's motion seeks, long after the filing of the operative pleadings and deadline for amending pleadings, to further amend the already Amended Complaint. Plaintiff's proposed Second Amended Complaint would (1) implead another alleged principal of Texas TR, Efraim Mandel, on the existing claims for unjust enrichment and piercing Texas TR's corporate veil; (2) assert a new claim solely against Mandel for fraud; and (3) assert a new claim against the existing defendants and Mandel for malicious prosecution. The latter two of these amendments derive from plaintiff's contention that Texas TR's counterclaims were knowingly false when asserted, in that Mandel and the defendants were aware that the purportedly counterfeit goods that led to Amazon's suspending Texas TR's accounts were *not* goods provided by plaintiff as averred in the counterclaims. Plaintiff contends that it became aware of these facts when defendants belatedly produced documents from Amazon and others that identified the counterfeit goods, and that it was clear from those documents that none of the counterfeit items had been supplied by plaintiff. (ECF 70-2 at 3).

Plaintiff further seeks sanctions against defendants based on defendants' delay in providing the documents demonstrating their knowledge that the counterfeit goods had not been provided by plaintiff. Plaintiff suggests that discovery sanctions under Fed. R. Civ. P. 37 are appropriate. The Court addresses each aspect of the motion in turn.

## ANALYSIS

### I.  PLAINTIFF'S MOTION TO AMEND

The Court first addresses plaintiff's motion to file a Second Amended Complaint. For the reasons set forth below, each proposed amendment is either the product of unexcused delay or is apparently futile. Therefore, the motion to amend is denied.

#### A.  Unjust Enrichment and Piercing the Corporate Veil as to Mandel

First, the Court addresses the proposed amendment of the existing claims for unjust enrichment and veil-piercing to include Efraim Mandel as a defendant. Because this amendment was sought nearly ten months after the deadline set by the Scheduling Order for amending pleadings, the Court first addresses whether plaintiff has met its burden to demonstrate good cause for the untimely request to amend under Federal Rule of Civil Procedure 16 before it is required to analyze the amendment under Federal Rule of Civil Procedure 15. Federal Rule of Civil Procedure 16(b)(4) provides that the scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." The "good cause" requirement places a burden on the moving party to show that it exercised due diligence in obtaining the knowledge underlying the proposed amendment. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) ("[F]ailure to satisfy Rule 16(b)'s 'good cause' requirement [is] sufficient to deny a motion to amend filed . . . after the deadline for amendments to pleadings.").

2

Plaintiff fails to present any reason in its motion that these claims against Mr. Mandel could not have been brought earlier in the case – indeed at its inception. The proposed unjust enrichment claim is based upon defendants having failed to pay plaintiff in accordance with the parties' agreement, something that was asserted at the start of this case. (See ECF 70-1, ¶¶ 44-46). The proposed veil-piercing claim is based on allegations that Mandel, in addition to Marino, disregarded Texas TR's corporate form. (*Id.* ¶¶ 50-56). Neither proposed amended claim is distinct from what was previously asserted in the Amended Complaint; the only revision to the prior pleading proposed by the Second Amended Complaint is the addition of Mandel's name as a defendant. The alleged conduct with respect to these claims, however, occurred in 2016, well before this litigation started and nearly two years before the deadline for amended pleadings. (*Id.*, at ¶¶ 35-37). Plaintiff fails to explain any newly discovered basis for these particular claims to be asserted against Mandel. It is not apparent to the Court, and utterly unexplained by plaintiff, how the belatedly produced discovery (concerning the origin of the counterfeit goods that led to Amazon's shutting down Texas TR's account) would alert plaintiff for the first time in the long duration of this case of a basis to assert an unjust enrichment or veil-piercing claim against Mandel. "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, Civ. A. No. 15-7614, 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018). The Court finds that plaintiff fails to show good cause under Rule 16 for the tardy amendment request concerning these claims.

## B. Fraud as to Mandel

The Court next turns to plaintiff's request to further amend the Amended Complaint to include a new claim for fraud against Mandel. The proposed fraud claim is based on Mandel's having certified Answers to Interrogatories that incorporated by reference the allegations in Texas TR's counterclaims, despite his alleged knowledge that certain factual representations in the counterclaims were false. (See ECF 70-1 ¶¶ 57-73). Notably, Mandel did not certify or verify the counterclaims themselves. The Answer and Counterclaims were signed by the attorneys for Texas TR and Marino.

This proposed claim is not barred by Rule 16's good cause requirement because it is plainly based on the discovery that defendants belatedly provided to plaintiff after the deadline to amend pleadings had passed.[2] Therefore, the Court considers whether this proposed claim satisfies Federal Rule of Civil Procedure 15's standards for amendment, which confers discretion on the Court to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[2] For the same reason, Rule 16 is satisfied with respect to the malicious prosecution claim addressed *infra*.

With respect to the fraud claim, plaintiff fails to meet its burden of demonstrating that the proposed claim would not be futile. A proposed amendment is futile if it would fail to state a claim upon which relief could be granted, in accordance with "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, plaintiff seems to base its fraud claim against Mandel on the interrogatory responses he certified. Specifically, plaintiff alleges that Mandel engaged in fraud by certifying answers to interrogatories stating that "Defendants refer Plaintiff to the Amended Answer and Counterclaim," knowing that factual representations in the counterclaims were false.

The Court has been presented with no argument or explanation of any kind by plaintiff why the proposed fraud claim against Mandel would not be futile. It is not self-evident, in light of the litigation privilege that generally applies to statements made by counsel or a party in litigation, that a viable claim for fraud may be asserted against an individual who has certified interrogatories in the same litigation – particularly interrogatories that merely "incorporate by reference" an underlying counterclaim that was neither verified nor certified by the party answering the interrogatories. *See Peterson v. HVM LLC*, Civ. No. 14-1137 (KJM), 2016 WL 845144, at *6 (D.N.J. Mar. 3, 2016) (noting New Jersey's litigation privilege broadly bars liability for any communication by parties and attorneys in course of litigation). To be sure, there may be legal consequences if one is proven to have falsely sworn under oath – most obviously, subsequent perjury proceedings. And there may be sanctions for the assertion of frivolous claims. But the assertion of a fraud claim in the same litigation against a party who has certified interrogatories that merely "refer" to allegedly fraudulent assertions is obviously problematic and could lead to a never-ending attempt to assert claims against parties for their ongoing participation in a litigation; the chilling effect such claims would have is no doubt a reason the litigation privilege exists. Plaintiff thus has not demonstrated why the proposed fraud claim against Mandel would not be futile. Accordingly, leave to amend to include this claim is denied.

## C. Malicious Prosecution as to all Defendants

Finally, plaintiff seeks to assert a new claim against all defendants, including Mandel, for malicious prosecution. This claim is based on defendant Texas TR's assertion of counterclaims in this case that plaintiff contends, based on the documents defendants recently produced, are based on knowingly false allegations. This is another attempt to bring a claim against parties and an individual for a position taken in this litigation. Moreover, the Court notes that the counterclaims were only brought on behalf of Texas TR, not on behalf of all defendants, and were not verified or certified by either Marino or Mandel. (*See* ECF No. 12). Further, the proposed claim is futile for several reasons, not the least of which is the obvious absence of a requisite element. The New Jersey equivalent of malicious prosecution is malicious use of process, which requires the following elements: "(1) an action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to initiate the action; (4) *the action was terminated favorably to the plaintiff*; and (5) the plaintiff has suffered a special grievance caused by the institution of the underlying action." *LoBiondo v. Schwartz*, 199 N.J. 62, 90, 970 A.2d 1007, 1023 (N.J. 2009) (emphasis added). Here, the fourth element clearly has not been met given that Texas TR's counterclaims have not been dismissed or otherwise

4

terminated. Before even reaching the other required elements, the proposed claim fails. Therefore, the motion to assert a new claim for malicious prosecution is denied as futile.

## II. DEMAND FOR SANCTIONS

The Court further addresses plaintiff's demand for sanctions against defendants. This aspect of the motion appears to be based on defendants' delay in producing the documents on which plaintiff bases its proposed fraud and malicious prosecution claims. The only legal basis for sanctions cited by plaintiff is Federal Rule of Civil Procedure 37(b), which allows the Court to impose sanctions when a party violates a discovery order. At plaintiff's request scheduling deadlines have been extended on multiple occasions to permit the additional discovery that plaintiff has obtained. As plaintiff identifies no discovery order that was violated by defendants, the Court finds that plaintiff has not met its burden to seek the imposition of sanctions.

## CONCLUSION

For the reasons above, plaintiff's motion for leave to file an amended complaint and to impose sanctions is **DENIED**. Accordingly, the Clerk of the Court shall terminate the motion filed as ECF No. 70.

Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Hon. Susan D. Wigenton, U.S.D.J.
Counsel of Record