UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIMAVEN, INC., <br><br> Plaintiff, <br> v. <br><br> TEXAS TR, LLC and SAM MARINO, <br><br> Defendants. | Civil Action No. <br><br> 17-12008 (SDW) (LDW) <br><br> **REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

    **THIS MATTER** comes before the Court upon the February 10, 2020 Order to Show Cause to Texas TR, LLC ("Texas TR") why its Answer and Counterclaims should not be stricken for failure to appear by counsel as required by law. (ECF No. 80). Texas TR did not appear or submit any written position as of the show-cause hearing. For the reasons set forth below, it is respectfully recommended that defendant Texas TR's Answer and Counterclaims be stricken.

**BACKGROUND**

    Plaintiff Unimaven, Inc.'s Amended Complaint asserts, among other claims, breach of contract against Texas TR, LLC ("Texas TR") and its owner Sam Marino (also known as Schmaya Marinovsky) stemming from allegations that the defendants failed to pay for electronic products that Unimaven provided to Texas TR to be sold on the latter's Amazon account. (ECF No. 10). The defendants answered by counsel, and defendant Texas TR asserted counterclaims for breach of contract and breach of the implied duty of good faith, on the basis that Texas TR's obligation to pay plaintiff was contingent on receipt of payment from Amazon for a given purchase order. (ECF No. 12).

    Over a year into fact discovery, counsel for defendant Texas TR moved to withdraw. On January 2, 2020, the Court granted Texas TR's counsel's unopposed motion to withdraw. (ECF

No. 77). In the order granting the motion, the Court cautioned Texas TR that, as a separate legal entity, it must be represented by counsel and gave Texas TR until January 20, 2020 to appear by new counsel or "face default and dismissal of its counterclaims." (*Id.*). Withdrawing counsel promptly filed proof of service of the order granting withdrawal on Texas TR. (ECF No. 78).

After Texas TR failed to appear by counsel by the deadline stated and failed to contact the Court to request an extension of time to comply with the Court's order, the Court by Order to Show Cause dated February 10, 2020 directed Texas TR to show cause on or before February 24, 2020 why its answer and counterclaims should not be stricken. (ECF No. 80). To date the Court has not received any response from Texas TR.[1]

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2)(A). A court may strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

Where a sanction may deprive a party of the right to proceed with or defend against a claim, courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), in deciding whether to impose that sanction.[2] The *Poulis* factors are:

---

[1] Because individual defendant Sam Marino is proceeding *pro se*, and because the counterclaims were asserted solely on behalf of Texas TR, the Court's analysis applies solely to Texas TR. Thus, the Court does not recommend striking the Answer as to defendant Sam Marino.

[2] Since an LLC's failure to appear by counsel also constitutes a failure to defend under Federal Rule of Civil Procedure 55(a), an express analysis of the *Poulis* factors may not be required in this case. *See Sync Labs LLC v. Fusion Mfg.*, No. 2:11-CV-3671 (WHW), 2014 WL 2601907, at *4

2

(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and sanctions may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

**1. Defendant Texas TR's Personal Responsibility.** In this case it appears that Texas TR is solely responsible for its failure to comply with Court orders and defend and prosecute this matter. Texas TR reportedly failed to pay its attorney, causing counsel to move to withdraw from its representation in an attempt to limit the financial burden imposed by defendant's nonpayment of outstanding fees. Furthermore, defendant has failed to comply with the Court's orders to obtain new counsel. As such, this factor weighs in favor of striking defendant Texas TR's Answer and Counterclaims.

**2. Prejudice to Plaintiff.** The Court finds that injustice would result to plaintiff if defendant Texas TR's pleadings are not stricken. Texas TR's failure to participate in this action has unduly prejudiced plaintiff by halting the progress of this action, which was filed in this Court over two years ago, and there is no indication that it ever intends to resume defense or prosecution

---

(D.N.J. June 11, 2014) (collecting cases where courts summarily dismissed a corporate party for failure to retain counsel without a full *Poulis* analysis).

3

of this matter. Therefore, this factor weighs in favor of striking defendant Texas TR's Answer and Counterclaims.

**3. History of Dilatoriness.** Since January 2, 2020 – the date the Court granted counsel's motion to withdraw — there has been no communication from Texas TR. Texas TR has not appeared by counsel by the deadline, nor responded to the Court's Order to Show Cause, nor requested an extension of time to obtain counsel. Defendant's inaction has halted any progress in this litigation and further supports striking defendant Texas TR's Answer and Counterclaims.

**4. Willfulness or Bad Faith.** The Court will not conclude that defendant has proceeded in bad faith, but its conduct plainly has been willful. Defendant has been unresponsive to court orders, despite having been informed of the consequences of failing to participate in the defense and prosecution of this action. As its principal Sam Marino is also a party, Texas TR's ownership is well aware of the deficiencies. These circumstances, when taken as a whole, suggest that defendant has abandoned its defense and prosecution of this case and further support striking defendant Texas TR's Answer and Counterclaims.

**5. Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as an award of attorneys' fees or preclusion of claims, before striking a pleading. *See Ghana v. N.J. State Parole Bd.*, Civ. A. No. 01-1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, the record of unresponsiveness suggests that alternative sanctions would be futile. The Court has no ability to communicate with any legal representative of defendant because none has appeared, and, as LLCs cannot appear *pro se*, further Court proceedings would be impracticable. *See Dougherty v. Snyder*, 621 F. App'x 715, 716 (3d Cir. 2015) ("even single-member LLCs, like corporations, may appear in federal court only through

counsel"). On the facts outlined above, no lesser sanction than striking defendant Texas TR's Answer and Counterclaims would be effective. *See Joyce v. Continental Airlines, Inc.*, Civ. A. No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011).

**6. Meritoriousness of the Claim.** The Court is unable to determine the meritoriousness of defendant's defenses and counterclaims due to its failure to participate in this action.

In sum, the Court finds the *Poulis* factors weigh in favor of striking defendant Texas TR's Answer and Counterclaims. Of primary concern is defendant's failure to retain counsel after being advised by the Court that LLCs cannot proceed *pro se*. Of equal concern is defendant's failure to communicate in any manner with the Court either to request an extension of time to retain counsel or otherwise explain its failure to abide by the Court's order.

## **CONCLUSION**

For the reasons stated above, this Court respectfully recommends that defendant Texas TR, LLC's Answer and Counterclaims be stricken as to that defendant only (and not as to defendant Sam Marino). The parties are advised that they may file objections to this Report and Recommendation within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: March 18, 2020

                                                    */s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge

Cc:    Hon. Susan D. Wigenton, U.S.D.J.
        All parties